United States District Court
Southern District of Texas

**ENTERED**

August 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **YARAI GIL ZAMBRANA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05938** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

Before the Court is Petitioner Yarai Gil Zambrana's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 7). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I.    BACKGROUND

The parties do not dispute the following facts. Petitioner Yarai Gil Zambrana is a citizen of Cuba who entered the United States without inspection on October 24, 2022. ECF No. 1 at ¶ 21; ECF No. 1, Ex. 3 (2022 Notice to Appear). On October 26, 2022, Ms. Zambrana was apprehended by border patrol agents and charged with having entered the country without inspection. *Id*. After immigration officials determined that she had a credible fear of removal to Cuba, she was issued a notice to appear in removal proceedings before an Immigration Judge (IJ). *Id*. The next day, the Department of Homeland Security (DHS) released Ms. Zambrana on an Order of Release on Recognizance (ORR or OREC) pursuant to section 236 of the Immigration and

1 / 4

Nationality Act (INA), or 8 U.S.C. § 1226(a). ECF No. 6, Ex. 4 (OREC). Ms. Zambrana has resided in the United States continuously since that time.

In the more than three years since her release, Ms. Zambrana has complied with all conditions of release, including voluntarily appearing for all immigration court proceedings and check-ins with Immigration and Customs Enforcement (ICE). ECF No. 1 at ¶ 30. On February 25, 2023, she filed an affirmative Application for Asylum and for Withholding of Removal ("Form I-589") with United States Citizenship and Immigration Services ("USCIS"). ECF No. 1, Ex. 5. She has no criminal record. *Id*. at ¶ 25. Nonetheless, the Government re-detained Ms. Zambrana at her regularly scheduled ICE check-in on November 14, 2025. *Id*. She has now been in custody for nearly nine months without an individualized bond determination. *Id*. The Government's position is that Ms. Zambrana is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

On May 7, 2026, the IJ denied Ms. Zambrana's application for asylum and ordered her removed to Cuba. ECF No. 1 at ¶ 28. Ms. Zambrana timely appealed this decision, and her case is currently pending before the Board of Immigration Appeals ("BIA"). *See* ECF No. 1, Ex. 9. Her removal proceedings are thus ongoing.

## I.     ANALYSIS

Petitioner argues, among other claims, that her re-detention violates her Fifth Amendment right to due process of law. Because the Court agrees that Petitioner's detention violates her procedural due process rights, it declines to address her additional claims.

The Court has addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance without a pre-deprivation hearing or proof of changed individual circumstances demonstrating that

the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at \*3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at \* 4-6 (S.D. Tex. Feb. 25, 2026). The Court sees no reason to reach a different conclusion here.

As to Respondents' additional arguments, the Court has already rejected them. *See Betancourth*, 822 F.Supp.3d at 766-67 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at \* 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at \*2 (rejecting argument that arbitrary revocation of release does not violate due process because it does not violate the applicable regulation); *id*. at \*3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue.[1] It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

---

[1] While Respondents do not raise this issue in their briefing, the Court finds that the Fifth Circuit's recent published order staying the district court judgements in *Sosnava Rodriguez v. Ortega*, No. 26-50183, has no effect on its ruling in this case. The Court has already considered and rejected this argument, and it declines to reconsider its prior decision. *See Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at \*3 (S.D. Tex. July 27, 2026) (rejecting Government's request for a stay based on *Sosnava Rodriguez* in a similar case).

3 / 4

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her of the time and place of release **no less than three hours** prior to her release from custody. If Petitioner wishes to inform a friend or family member of the time and place of her release, she must be permitted to do so.

3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 7, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 4, 2026.

_____
Keith P. Ellison
United States District Judge